UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| SUK BIN KIM, § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. _____ |
| MESA UNDERWRITERS § | |
| SPECIALTY INSURANCE § | |
| COMPANY and RUBEN QUINTERO § | |
|     Defendants. § | |

**DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

TO THE HONORABLE COURT:

    Defendant Mesa Underwriters Specialty Insurance Company ("MUSIC") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) on the basis this Court has jurisdiction of the removal action pursuant to 28 U.S.C. § 1332 and, in support respectfully, show the following:

**I.    Background Facts**

    1.    This is first-party insurance action filed by Plaintiff Suk Bin Kim against MUSIC, and Ruben Quintero. MUSIC issued to Kim policy No. MP0042024000207, effective from May 2, 2014 through May 2, 2015. The policy insured the property located at 817 Pecan, McAllen, Texas 78501 subject to a two-percent wind/hail deductible. According to Kim's Original Petition,[1] the property was damaged by wind and/or hail that occurred on or about January 29, 2016 (the alleged loss was reported to have occurred on January 29, 2015). To investigate the claim, MUSIC hired Team One Adjusting Services, LLC, who assigned Defendant Ruben Quintero. Quintero inspected the property. Quintero's investigation revealed possible damage in excess of the policy's

---

[1] A true copy of the Plaintiffs' Original Petition is included in the Index of Documents required by LR 81, and is attached hereto as Exhibit C.1.

deductible, and MUSIC issued payment to Kim. Kim filed suit on August 1, 2017 against MUSIC and Quintero, alleging several causes of action against all Defendants, including Texas Insurance Code violations, as well as breach of contract and breach of good faith and fair dealing against MUSIC.[2]

## II.  Removal is Timely

2.  On August 1, 2017, Kim filed his Original Petition, styled *Suk Bin Kim v. Mesa Underwriters Specialty Insurance Company and Reuben Quintero*; Cause Number C-3468-17-G, in the 370th Judicial District Court of Hidalgo County, Texas.[3] The petition was served on the Commissioner of Insurance on October 19, 2017.[4]

3.  MUSIC has timely filed this Notice of Removal. 30 days after service on the Texas Commissioner of Insurance would be November 18, 2017, which is a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), "if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Therefore, filing on this Notice of Removal on Monday, November 20, 2017, is timely pursuant to 28 U.S.C. § 1446(b).

## III.  Complete Diversity Exists Between the Proper Parties

4.  Removal is proper under 28 U.S.C. § 1332(a)(1) because there is currently complete diversity of citizenship among Kim and all proper Defendants.

5.  For purposes of diversity jurisdiction, Kim is a citizen of the State of Texas, being a natural person who domiciles in Texas.

---

[2] *Id.*, at pp. 6-11.
[3] *See generally id.*
[4] Exhibit A, p. 3.

6. MUSIC is a citizen of the state of New Jersey, being an insurance company formed pursuant to the laws of New Jersey and having its principal place of business at 40 Wantage Ave., Branchville, New Jersey 07890. MUSIC is authorized to write insurance policies in Texas as a surplus lines carrier. MUSIC is not a citizen of Texas.

7. Quintero is a citizen of the State of Texas, being natural a person who domiciles in Texas; however, he has been improperly joined to this action and therefore does not destroy complete diversity of the parties.

8. Improper joinder is a narrow exception to the rule of complete diversity. *Cortez v. Meritplan Ins. Co.*, 2013 WL 6835266, at *1 (S.D. Tex. Dec. 20, 2013) (citing *Campbell v. Stone Ins.,* 509 F.3d 665, 669 (5th Cir.2007)); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016). Improper joinder exists when (1) there is actual fraud in the pleading of jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Cortez*, 2013 WL 6835266, at *1; *Patel v. Acceptance Indem. Ins. Co.*, 2016 WL 361680, at *1 (N.D. Tex. Jan. 28, 2016). Under the second scenario, courts conduct a Rule 12(b)(6)-type analysis "to determine whether the complaint states a claim under state law against the in-state defendant . . ." *Int'l Energy Ventures*, 818 F.3d at 200 (quoting *Smallwood*, 385 F.3d at 573). Removal is proper when an insured-plaintiff's pleading fails to allege facts that would plausibly lead to the conclusion that the insured-plaintiff suffered damage due to a non-diverse adjuster's conduct. *See Scarlott v. Ocwen Loan Servicing, LLC*, 2014 WL 109409, at *2 (S.D. Tex. Jan. 10, 2014), *modified on other grounds,* 2014 WL 1795243 (S.D. Tex. May 6, 2014); *see also Patel*, 2016 WL 361680, at *4; *Plascencia v. State Farm Lloyds¸* 2014 WL

11474841, at *1 (N.D. Tex. Sept. 25, 2014). That is the case here, as the Petition fails to allege facts which would permit Kim to recover from Quintero under Texas law.

9. Plaintiff joined Quintero in this action to avoid litigating the claim against an out-of-state insurer in federal court. *See, e.g., Davis v. Metro. Lloyds Ins. Co. of Tex.*, 2015 WL 456726, at *1 (N.D. Tex. Feb. 3, 2015); *Nasti v. State Farm Lloyds*, 42014 WL 710458, at *3 (S.D. Tex. Feb. 19, 2014); *Cortez*, 2013 WL 6835266, at *2. In the Petition, Kim contends that MUSIC failed to pay the full amounts owed under the policy for the insurance claim. Even though Quintero investigated the claim on MUSIC's behalf, it was MUSIC who made the final coverage determinations, and it was MUSIC who decided whether and how much to pay on the claim. *See Plascencia*, 2014 WL 11474841, at *7 ("Another badge of improper joinder that has been noted is the absence of any plausible reason for suing the Texas citizen other than to defeat diversity.").

10. Here, Plaintiff asserts generic claims against Quintero for violations of the Texas Insurance Code.[5] Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Quintero because no real facts relating to him paying the claim have been set forth. Plaintiff's claims against Quintero consist of labels, conclusions, and formulaic recitations of the elements of causes of action. As such, Kim's allegations are insufficient to establish a cause of action against Quintero. *See, e.g., Int'l Energy Ventures*, 818 F.3d at 199; *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999); *Fernandez v. Allstate Fire & Cas. Ins. Co.*, 2015 WL 6736675, at *3 (N.D. Tex. Nov. 4, 2015) (noting that "conclusory allegations that merely track the terms of the statutory provisions" are insufficient to withstand even a 12(b)(6)-type analysis). Despite the Petition's allegations, Kim's true complaint is that MUSIC failed to pay more under the policy. Because there is no reasonable basis for this Court to

---

[5] Exhibit C.1, p. 8-11.

predict that the Plaintiff might be able to recover against Quintero, his presence should be disregarded in determining diversity jurisdiction.

11. Quintero's improper joinder is further evidenced by the fact that Plaintiff, upon information and belief, has failed to serve Quintero. Courts have used lack of service as a key factor in determining that the Plaintiff did not intend to actively pursue claims against the non-diverse defendant; and therefore, the non-diverse defendant was fraudulently joined. *See Plascencia*, 2014 WL 11474841, at *6.

12. Unanimity among the defendants is not necessary where there is improper joinder. The Fifth Circuit held that "[i]n cases involving alleged improper or fraudulent joinder of parties . . . application of [the] requirement [that removal requires the consent of all co-defendants] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993). Accordingly, where fraudulent or improper joinder is applicable, an allegedly improperly joined defendant need not join in or consent to removal, and the removing "defendant need not explain the absence of consent." *Id.; see also Ramirez v. Lowe's Home Centers, LLC*, 2015 WL 4488659, at *2 (S.D. Tex. July 22, 2015) (consent to removal is not required from: (1) improperly or fraudulently joined parties; (2) nominal or unnecessary defendants; and (3) defendants who have not been served by the time of the removal.)

13. Because Plaintiff is a citizen of Texas and Defendant MUSIC is a citizen of New Jersey, complete diversity of citizenship exists among the proper parties.

**IV.     The Amount in Controversy Exceeds $75,000**

14. Kim pleaded that he seeks "monetary relief, the maximum of which is over

$100,000 but not more than $200,000."[6] Therefore, the amount in controversy exceeds the $75,000 threshold required to invoke this Court's jurisdiction. 28 U.S.C. § 1332(a); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting the district court examines the complaint to determine whether it is facially apparent that the claim exceeds the jurisdictional minimum); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277 (1936) (holding allegation in pleading is sufficient to establish amount in controversy).

**V.      Venue is Proper**

15.     Venue in this district is proper in the United States District Court for the Southern District of Texas, McAllen Division, under 28 U.S.C. §§ 124(b)(7) and 1446(a) because all or a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in Hidalgo County, Texas, and the Southern District of Texas encompasses Hidalgo County, Texas.

**VI.     The Removal is Procedurally Correct**

16.     Pursuant to 28 U.S.C. §1446(a), the Plaintiff's Original Petition, as well as the process served upon MUSIC, is included in the index attached hereto as Exhibit A and Exhibit C.1.

17.     Pursuant to 28 U.S.C. §1446(d), promptly after MUSIC files this Notice, written notice of the filing will be given to Plaintiff Kim, the adverse party.

18.     Pursuant to 28 U.S.C. §1446(d), promptly after MUSIC files this Notice of Removal, a true and correct copy will be filed with the Clerk of the Hidalgo County District Court.

19.     Pursuant to this Court's Local Rule 81, the following is attached:

    (1)     all executed process in the case (Exhibit A);

    (2)     pleadings asserting causes of action (Exhibit C.1.);

    (3)     all orders signed by the state judge (none);

---

[6] Exhibit C.1, p. 14.

  (4)  the docket sheet (Exhibit B);

  (5)  an index of matters being filed (Exhibit C); and

  (6)  a list of all counsel of record, including addresses, telephone numbers and Parties represented (Exhibit D).

## VII. Relief Requested

20. This notice was filed timely. The amount in controversy exceeds $75,000. Complete diversity of citizenship exists as to Plaintiff and the properly joined Defendants. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Accordingly, the action is properly removed pursuant to 28 U.S.C. § 1441.

21. Defendant MUSIC respectfully requests that the United States District Court for the Southern District of Texas, McAllen Division, accept and file the Notice of Removal, assume jurisdiction of this lawsuit, and issue all such further orders and processes as may be necessary.

            Respectfully submitted,

            */s/ Stephen A. Melendi*
            Stephen A. Melendi, Attorney in Charge
            SBN 24041468
            SDN 38607
            stephenm@tbmmlaw.com
            Aaron G. Stendell
            SBN 24073062
            SDN 2175505
            aarons@tbmmlaw.com
            TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
            2811 McKinney Avenue, Suite 250 West
            Dallas, Texas 75204
            Telephone: 214-665-0100
            Facsimile: 214-665-0199
            **ATTORNEYS FOR DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to the following counsel of record.

    Robert A. Pollom
    Jake S. Rogiers
    KETTERMAN ROWLAND & WESTLUND
    16500 San Pedro, Suite 302
    San Antonio, Texas 78232
    Telephone: 210-490-7402
    Fax: 210-490-8372
    robert@krwlawyers.com
    jake@krwlawyers.com
    ***Attorneys for Plaintiff***

    */s/ Stephen A. Melendi*
    Stephen A. Melendi